UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLI HODGES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>US BANK HOME MORTGAGE, a wholly owned )<br>subsidiary of US BANCORP; SAFEGUARD )<br>PROPERTIES, LLC; and EXTREME )<br>LANDSCAPE & LAWN SERVICES, LLC, )<br>)<br>Defendants. ) | No. 10 C 5928<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kelli Hodges, brought suit against Defendants US Bank Home Mortgage ("US Bank"); Safeguard Properties, LLC ("Safeguard"); and Extreme Landscape & Lawn Services, LLC ("Extreme")[1], in the Circuit Court of Cook County, Illinois. US Bank removed the action to this Court and now moves to dismiss Hodges' ten-count Complaint in its entirety.

## BACKGROUND

The following facts are taken from Hodges' Complaint and are presumed true for purposes of this motion.

At all times relevant to this case, Hodges lived at 813 Pin Oak Lane, University Park, Illinois, and was entitled to the possession of the property located at that address.[2] On or about March 4, 2008, US Bank contracted with Safeguard to investigate the property located at

---

[1] Hodges' Complaint appears to mistakenly refer to Extreme as "Express" in several instances.

[2] The Complaint states that Plaintiff was entitled to possession of the property "through a valid and enforceable mortgage contract." Compl. ¶ 7. It can be inferred from the Complaint that this contract was with US Bank.

813 Pin Oak Lane. On or about March 5, 2008, Safeguard contracted with Extreme "for the investigation and preservation of property" owned by Hodges located at 813 Pin Oak Lane.

On or about March 6, 2008, Extreme, acting on the orders of Safeguard and US Bank and without Hodges' consent, entered Hodges' home and changed the locks. Extreme discarded, damaged and destroyed property belonging to Hodges, causing damage over $25,000.00.

Hodges alleges that Defendants knew or should have known that the residence was occupied by Hodges and that they acted with a "reckless, willful and conscious disregard" of Hodges' property rights.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

US Bank argues that all of Hodges' claims must be dismissed because each count "relies on labels and conclusions and does not rise above speculative relief." US Bank repeats this language ten times – once with respect to each count – but at no point in its brief does US Bank elaborate on this argument. US Bank does not explain what labels or conclusions Hodges relies on or why Hodges' claims are speculative. The argument is therefore waived. *See Black & Decker, Inc. v. Robert Bosch Tool*, 2006 WL 3883937, at *2 (N.D. Ill. Dec. 27, 2006) (undeveloped arguments waived).

US Bank also argues that Hodges has not alleged an agency relationship between itself and Extreme. Therefore, US Bank suggests, the Complaint states no claims against US Bank, since it is Extreme that is alleged to have entered Hodges' residence.

US Bank failed to raise this argument until its reply brief, and it is therefore waived. *See United States v. Turner*, 203 F.3d 1010, 1019 (7th Cir. 2000) (arguments raised for the first time in the reply are waived). In any case, Hodges has alleged that Extreme was acting on the orders of US Bank when it entered Hodges' residence and changed the locks. *See* Compl. ¶ 12. Thus, US Bank's untimely and undeveloped argument as to agency also lacks merit.

These matters resolved, the arguments made with respect to each count are addressed below.

*Count I – Trespass to Real Property*

Under Illinois law, "[n]o person shall make an entry into lands or tenements except in cases where entry is allowed by law, and in such cases he or she shall not enter with force, but in a peaceable manner." 735 ILCS 5/9-101. US Bank cites *Fink v. Gonzalez*, 911 F.Supp. 332, 335

3

(N.D. Ill. 1996), to argue that trespass to real property is committed only when a person enters upon land after being told that entry is forbidden. However, *Fink* dealt with criminal trespass and is not relevant to this case. US Bank has not shown that Hodges fails to state a claim for trespass. Therefore, US Bank's motion is denied with respect to Count I.

*Count II – Trespass to Personal Property*

US Bank summarily states that Hodges has not sufficiently alleged a claim for trespass to personal property. However, US Bank fails to develop any argument against Hodges' claim. US Bank quotes language from *Sotelo v. DirectRevenue, LLC*, 384 F.Supp.2d 1219 (N.D. Ill. 2005) (*Sotelo*), in an apparent attempt to suggest that a claim for trespass to personal property is a somewhat antiquated cause of action. However, the court in *Sotelo* allowed the claim for trespass to personal property to proceed. US Bank gives no reason why the result should be different here. Therefore, US Bank's motion is denied with respect to Count II.

*Count III – Conversion*

US Bank argues Hodges has not adequately pled a claim for conversion because Hodges has not alleged that Hodges made a demand for possession. Hodges responds that the demand for possession was made in her Complaint. US Bank's reply does not address this issue but argues instead that the Complaint fails to provide US Bank with fair notice of what is alleged. This last argument is waived since it was not raised until the reply; furthermore, the Complaint does give US Bank adequate notice of Hodges' claim for conversion.

With respect to the issue of a demand for possession, the Court notes that such a demand is not always required to bring an action for conversion under Illinois law. *See, e.g., Fortech L.L.C. v. R.W. Dunteman Co., Inc.*, 366 Ill. App. 3d 804, 817 (1st Dist. 2006). The

4

parties fail to develop any argument as to whether this is such a case. In any case, since US Bank abandoned the argument in its reply, US Bank's motion is denied with respect to Count III.

*Count IV – Invasion of Privacy*

US Bank first argues that Count IV should properly be titled "intrusion upon seclusion" rather than invasion of property. Beyond this, US Bank's sole argument is that Hodges has not sufficiently specified the personal belongings that Extreme rummaged through after entering Hodges' house. This level of specification is not required to put US Bank on notice as to the nature of Hodges' claim. US Bank's motion to dismiss is therefore denied with respect to Count IV.

*Count V – Breach of Constructive Bailment Obligations*

US Bank's sole argument against Count V states, "Based on Hodges [sic] allegations in Count V no action for constructive or implied bailment can stand." This argument is completely undeveloped and is therefore waived. US Bank's motion to dismiss is denied with respect to Count V.

*Count VI – Negligence*

US Bank argues that Hodges has not stated a claim for negligence because Hodges has not shown that US Bank had a duty to Hodges. Hodges counters that the Complaint alleged that US Bank owed Hodges a duty of care by taking possession of her property. US Bank's reply abandons the argument, effectively conceding the issue. US Bank's motion to dismiss is denied with respect to Count VI.

*Count VII – Intentional Infliction of Emotional Distress*

US Bank's sole argument with respect to Count VII states, " Based on Hodges [sic] allegations in Count VII no action for intentional infliction of emotional distress can stand. Again, this argument is undeveloped and thus waived. US Bank's motion to dismiss is denied with respect to Count VII.

*Count VIII – Breach of Contract*

US Bank argues that under Illinois law, a complaint alleging breach of contract must attach a copy of the contract. In her response, Hodges seeks leave to file a copy of the contract, and leave is hereby granted. US Bank further argues that Hodges has not alleged that US Bank breached a duty imposed by the contract. The Complaint alleges that US Bank breached the contract by entering Hodges' property without authority. US Bank's motion is denied with respect to Count VIII, without prejudice to raise the issue at a later date after Hodges provides a copy of the contract, if it can do so consistent with the requirements of Rule 11.

*Count IX – Unfair and Deceptive Acts and Practices*

US Bank argues that Hodges cannot prevail on a claim for a violation of the Uniform and Deceptive Practices Act, 815 ILCS 510/2, because Hodges has not shown that US Bank owed a duty to Hodges. However, the cases cited by US Bank do not show this to be an element of a claim under the Act. US Bank fails to provide any argument linking the cited case law to their motion to dismiss in this case. Therefore, US Bank's motion is denied with respect to Count IX.

*Count X – Punitive Damages*

Punitive damages are a type of relief rather than a separate cause of action. *McGrew v. Heinold Commodities, Inc.*, 147 Ill. App. 3d 104, 110 (1 Dist. 1986). Thus, Count X cannot

survive as an independent count. However, US Bank develops no argument as to why Hodges might not recover punitive damages on her other claims. Therefore, on the Court's own motion, Count X of Hodges' claim is dismissed.

## CONCLUSION

US Bank's motion to dismiss is denied. Hodges is ordered to file a copy of the contract between herself and US Bank within ten days of the date of this order. On the Court's own motion, Count X is dismissed.

Dated: January 20, 2011

JOHN W. DARRAH
United States District Court Judge